IN THE IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY TAYLOR and ATARA TAYLOR on their own behalf and as parents and next friends to their children SARAFINA TAYLOR and ZION TAYLOR, both minors, <br><br> Plaintiffs, <br><br> v. <br><br> MARK RODRIGUEZ, in his individual capacity and CITY OF CHICAGO, ILLINOIS <br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br> Case No. |

## COMPLAINT

Plaintiffs Terry Taylor and Atara Taylor on their own behalf and on behalf of their minor children, as parents and next friends to Sarafina Taylor and Zion Taylor, (Hereinafter, jointly referred to as "Plaintiffs") and for their complaint against Defendant Mark Rodriguez (hereinafter "Rodriguez") and the City of Chicago, Illinois, states the following on information and belief:

## CAUSE OF ACTION

1. This is an action for damages, brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and under the law of the State of Illinois, against Mark Rodriguez of the City of Chicago, Illinois, in his individual capacity and the City of Chicago, Illinois.

2. On August 18, 2014, Defendant Rodriguez unlawfully entered the Plaintiffs' backyard and shot and killed the Plaintiff's family dog.

1

3. That at all times, the Plaintiffs' family dog was never a threat to Defendant Rodriguez when he fired the fatal shots.

4. Plaintiffs allege that these constitutional violations were committed as a result of Defendant Rodriguez's intentional and with willful indifference to the constitutional rights of the Plaintiffs.

5. As a result of the misconduct of Defendant Rodriguez, Plaintiffs suffered severe emotional injuries as well as other injuries and expense.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States; 42 U.S.C. § 1983 and § 1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of state law.

7. This Court has supplemental jurisdiction over Plaintiffs' cause of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that all of the claims and events giving rise to this action occurred in this district.

## PARTIES

9. The Plaintiffs, Terry Taylor and Atara Taylor and their minor children, Zion and Sarafina Taylor are United States citizens and residents of the State of Illinois, County of Cook.

10. At all relevant times herein referenced, Defendant Mark Rodriguez was employed by the City of Chicago as a sworn police officer under star number: 19044. He is being sued in his individual capacity. At the time of the incident in this Complaint, Rodriguez engaged in the

conduct complained of while acting within the scope of his employment and under color of state law.

11. At all relevant times herein referenced, Defendant City of Chicago was and is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant Rodriguez.

## BACKGROUND

12. On or about August 18, 2014, the Plaintiffs were at their residence located at 5930 S. King Dr. Chicago, IL 60637.

13. That at seven o'clock in the morning on August 18, 2014, the Plaintiffs were awakened by three loud gunshots within the premises of their home.

14. That Terry Taylor advised his wife, Atara Taylor, to call the police and advised his children to stay in their rooms while he tried to determine what was going on.

15. That as Atara Taylor picked up the phone to dial 911, about three more sounds of gun shots were fired, within the premises of their home, causing the entire family to scream and take cover on the floor.

16. That Terry Taylor then peeked out of the window and observed a police car stationed in front of his home.

17. That at that point, Terry Taylor headed down the stairs of his home to see what had happened.

18. That upon reaching the first floor of his home, he looked through a window and observed Defendant Rodriguez, armed with an automatic rifle, walking from his backyard and towards his front yard and towards the stationed police vehicle.

19. That Terry Taylor opened the front door and asked Defendant Rodriguez if he was okay and what had happened.

20. That Defendant Rodriquez ignored him and kept walking towards the front yard.

21. That at that moment Terry Taylor observed his family dog—a nine-year old Italian Mastiff Cane Corso—lying on the ground and bleeding out.

22. That Terry Taylor followed behind Defendant Rodriguez and asked Defendant Rodriguez why he had shot his dog.

23. That the officer responded "I didn't shoot your damn dog, the perpetrator shot your dog."

24. That there was never any so called perpetrator apprehended in the residence of Terry Taylor at any time before, during, or after the shooting of the Plaintiffs' family dog.

25. That prior to Terry Taylor's discovery of Defendant Rodriguez on his private residence, numerous neighbors had witnessed the shooting of the Plaintiffs' dog.

26 That according to at least two neighbors, Defendant Rodriguez approached the Plaintiffs' residence with his gun drawn.

27. That Defendant Rodriguez was about ten feet away from the enclosed see-through chain-link fence (hereinafter "fence") of the Plaintiffs' backyard.

28. That the Plaintiffs' family dog was within the enclosed fence of the Plaintiffs' residence with his back turned to Defendant Rodriguez.

29. That Defendant Rodriguez, while standing ten feet away from the enclosed fence, stood in a shooting position and fired three shots at the Plaintiffs' family dog, after which, the Plaintiffs' family dog fell to the ground whining and breathing heavily in obvious pain and suffering.

30. That Defendant Rodriguez then proceeded to gain entry into the enclosed fenced area of the Plaintiffs' backyard by reaching his hands through the gate to the fence in order to unlock the gate from within the Plaintiffs' backyard.

31. That upon gaining entry into the backyard of the residence, the officer then walked over to Plaintiffs' immobilized dog, and at that time, the dog was still whining in pain and suffering and gasping for breath.

32. That upon reaching the Plaintiffs' immobilized family dog, Defendant Rodriguez stood over the dying family dog and fired off three more shots at him.

33. That after firing the second round of shots at the Plaintiffs' family dog, Defendant Rodriguez proceeded to leave the residence and head back to his police vehicle.

34. That the Plaintiffs' dog was part of the Plaintiffs' family and was a well-loved family dog who had never bitten anyone, but instead, was known as having an extremely friendly disposition and temperament towards family, neighbors, and strangers alike.

35. That the Plaintiffs' family dog, true to its nature, was not barking, attacking, or lounging at Defendant Rodriguez, but instead, the dog's back was turned away from Defendant Rodriguez prior to shots being fired at the dog.

36. That Terry Taylor bought the family dog following the birth of his first child, and the dog had been a member of the Taylor family for nine years.

37. That his two children, who at the time of the incident, were seven years old and nine years old, had grown up with the family dog and considered the dog as a playmate and family member evidenced by the fact that the family dog accompanied the Plaintiffs on family vacations.

38. That the Taylor family has been traumatized and devastated by the loss of their beloved family dog and the entire family is suffering from the emotional and mental anguish of his death.

39. As a direct and proximate result of the willful, reckless, wanton, and malicious actions of Defendant Rodriguez, the Plaintiffs suffered, amongst others things, the following injuries and damages:

    a. violation of their constitutional rights under the Fourth Amendment to the United Sates Constitution;

    b. emotional distress and anguish;

    c. mental distress and anguish; and

    d. veterinary expenses.

40. At all relevant times, Defendant Rodriguez was acting under color of state law and under color of authority as a police officer, employee, and agent or servant of the City of Chicago, Illinois.

**COUNT 1**

**42 U.S.C. §1983 FOURTH AMENDMENT—ILLEGAL SEIZURE.**

41. The Plaintiffs re-alleges and incorporates herein the allegations of paragraphs 1 through 40 as their respective allegations of paragraph 41 of Count 1.

42. At the time of the complained of events, Plaintiffs had a clearly established constitutional right under the Fourth Amendment to be free from unreasonable search and seizure.

43. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

44. That Defendant Rodriguez violated Plaintiffs' constitutional rights to be free from unreasonable searches and seizures, in violation of 42 U.S.C § 1983 and the Fourth Amendment of the U.S. Constitution, as described below.

45. That Defendant Rodriguez unlawfully and unreasonably seized Plaintiffs' peaceful dog by shooting it at least twice in the chest and in the head without probable cause or other lawful justification, causing its death in violation of 42 U.S.C. § 1983 and the Fourth Amendment of the U.S. Constitution. The dog was conducting himself in a peaceful fashion and was not a threat to any reasonable person.

46. Defendant Rodriguez's actions and use of force as described herein, were objectively unreasonable and were undertaken intentionally and with willful indifference to the constitutional rights of the Plaintiffs.

47. As a direct and proximate consequence of said conduct of Defendant Rodriguez, the Plaintiffs suffered violations of their constitutional rights, veterinary bills, emotional anguish and distress, the loss of their beloved dog, and other injuries.

## COUNT II
**42 U.S.C. §1983 FOURTH AMENDMENT—UNREASONABLE SEARCH**

48. The Plaintiffs re-alleges and incorporates herein the allegations of paragraphs 1 through 47 as his respective allegations of paragraph 48 of Count II.

49. That the Plaintiffs had an obvious interest to privacy within the confines of their home and property.

50. That the officer had no arrest warrant, search warrant or probable cause to enter and fire gun shots inside the Plaintiffs' residence and on the Plaintiffs' property.

51. Defendant Rodriguez's unauthorized entry onto the Plaintiffs' residence and use of force as described herein, was objectively unreasonable and was undertaken intentionally and with willful indifference to the constitutional rights of the Plaintiffs.

52. As a direct and proximate consequence of said conduct of Defendant Rodriguez, the Plaintiffs suffered violations of their constitutional rights, veterinary bills, emotional anguish and distress, the loss of their beloved dog, and other injuries.

## COUNT III

## 42 U.S.C. §1983 FOURTEENTH AMENDMENT—DEPRAVATION OF SUBSTANTIVE DUE PROCESS RIGHTS

53. The Plaintiffs re-alleges and incorporates herein the allegations of paragraphs 1 through 52 as their respective allegations of paragraph 53 of Count III.

54. That in unlawfully entering and shooting within the premises of the Plaintiffs, Defendant Rodriguez deprived Plaintiffs of their constitutionally protected right to substantive due process guarding against arbitrary intrusion on personal security both physically and emotionally in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States constitution.

55. That Defendant Rodriguez's reckless and obvious disregard for the Plaintiff's safety within their premises shocks the conscience of any reasonable person.

56. As a direct and proximate consequence of said conduct of Defendant Rodriguez, the Plaintiffs suffered violations of their constitutional rights, veterinary bills, emotional anguish and distress, the loss of their beloved dog, and other injuries.

## COUNT IV

## INDEMNIFICATION AGAINST CITY OF CHICAGO

57. The Plaintiffs re-alleges and incorporates herein the allegations of paragraphs 1

through 56 as their respective allegations of paragraph 57 of Count IV.

58. The misconduct of Defendant Rodriguez was committed in the scope his employment with the Defendant City of Chicago.

59. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of Defendant Rodriguez.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, demand the following relief, jointly and severally, against all the defendants:

A. Compensatory damages for all injuries described herein and any other injuries with respect to all counts.

B. Punitive damages with respect to Defendant Rodriguez in his individual capacities and to be sure, with respect to all Counts.

C. Attorney's fees pursuant to 42 U.S.C. § 1988. Award Plaintiffs' counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

D. Such other and further relief as this Court may deem appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

/s/ Nnanenyem E. Uche

Nnanenyem E. Uche
Uche P.C.
22 W. Washington St., Suite 1500
Chicago, IL 60602
Tel: (312) 380-5341
Fax: (312) 854-8001
Attorney No: 6294606
Email: nenye.uche@uchelitigation.com